UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

In Re:  Danette A. Crubaugh                                                Case No. 08-02509

        Debtor                                                                        Hon. Bruce W. Black

**TRUSTEE'S REPLY TO JPMORGAN CHASE BANK N.A. RESPONSE**

      Glenn Stearns, Chapter 13 Standing Trustee, replies to the mortgage company's response as follows:

1.  The trustee's office filed the Notice of Final Cure Payment per Rule 3002.1 on 3/12/13.

2.  The mortgage company filed a response to the cure notice on 4/2/13.

3.  The response states the mortgage company agrees that the Debtor paid in full the amount to cure the default on the Creditor's claim.

4.  The response also states the mortgage company disagrees that the Debtor is current with respect to all payments consistent with section 1322(b)(5) of the Bankruptcy Code, and states that the total amount due to cure the post-petition arrears is $8508.92.

5.  In regards to post-petition mortgage payments, the trustee paid a total of $142,766.96 to the mortgage company, which is supported by the attached payment history for this claim.

6.  The trustee paid the mortgage company for the months of March 2008 through March 2013, which is supported by the attached current mortgage analysis.

7.  The mortgage company attached a spreadsheet to their response that appears to be a payment history.

8.  The attached spreadsheet suggests that the mortgage payment amount changed from $2330.78 to $2354.80 effective with the July 2012 payment.

9.  The trustee never received notice of this payment change and the mortgage company never filed a Notice of Mortgage Payment change with the court.

10.  The attached spreadsheet suggests the mortgage company applied funds received from the trustee's office to post-petition fees.

11.  The mortgage company never filed a Notice of Post-Petition Mortgage Fees, Expenses and Charges in this case.

12.  The attached spreadsheet includes the April 2013, May 2013 and June 2013 current mortgage payments.

13.  The trustee made mortgage payments from March 2008 through March 2013 and all funds paid by the trustee should have been applied to those months.

14.  The spreadsheet filed by the mortgage company shows $8,508.92 as a negative amount under the escrow field but it does not calculate a running default.

15.  The trustee paid the mortgage payment amounts provided by the mortgage company and paid this mortgage through March 2013.

16.  The mortgage company should not have applied any of the funds paid by the trustee to post-petition fees/costs or to any future mortgage payments.

17.  The spreadsheet attached to the mortgage company's response appears to show the mortgage company applied funds to mortgage payments that have not yet come due.

18.  The trustee stands by the statement that this mortgage was paid current through March 2013 based on the payment changes provided to the trustee's office by the mortgage company.

19.  The trustee struggles to understand how the debtor can be $8,508.92 in default on the post-petition payments when the spreadsheet attached by the mortgage company shows funds being applied to months that have not yet come due.

20.  The spreadsheet attached by the mortgage company appears to show the Debtor is actually paid ahead on her current mortgage payments.

 21.  Based on the failure of the mortgage company to comply with the notice provisions of the rule and based on the fact that the mortgage company appears to be including post-petition obligations that have not yet come due, the trustee challenges the validity of the alleged $8508.92 post-petition default amount.

Date:  4/15/13                                                            /S/  Pamela L. Peterson

                                                                    For:  Glenn Stearns, Chapter 13 Standing Trustee