IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| In Re | ) | |
|---|---|---|
| | ) | Case No. 08 B 02509 |
| Danette Crubaugh | ) | |
| | ) | Chapter 13 |
| | ) | Hon. Bruce Black |
| Debtor | ) | |

## NOTICE OF MOTION

TO: Glenn Stearns, Chapter 13 Trustee, by ECF
    Richard Aronow, Fisher and Shapiro LLC, 2121 Waukegan Rd., Ste 301, Bannockburn, IL 60015
    Danette Crubaugh, 16736 W. Seneca Drive, Lockport, Illinois 60126

On May 3, 2013, at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Bruce Black, or any judge sitting in his stead, at Joliet City Hall, 150 West Jefferson Street, 2nd floor, Joliet, Illinois, and present the attached Motion to Incur Additional Debt, a copy of which is attached and hereby served upon you.

Robert N. Honig

Proof of Service

The undersigned, an attorney, on oath states, that I served a true copy of this Notice of Motion upon the parties listed above by depositing same in the U.S. Mail at 116 S. York Street, Suite 215, Elmhurst, Illinois, on or before 4:00 p.m. on April 22, 2013.

Robert N. Honig

Robert N. Honig, #6216254
Attorney for Debtors
116 S. York Street, Suite 215
Elmhurst, IL 60126
630-834-1800

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re                                  )
                                       )    Case No. 08 B 02509
    Danette Crubaugh                   )
                                       )    Chapter 13
                                       )    Hon. Bruce Black
         Debtor                        )

## MOTION CHALLENGING ALLEGED POST-PETITION DEFAULT

NOW COMES the Debtor, Danette Crubaugh ("Debtor"), by and through her attorney, Robert N. Honig, and by this Motion challenges the allegation by the Lender, Ocwen Loan Servicing LLC (the "Lender"), that the Debtor is not current with respect to post-petition mortgage payments and states as follows:

1. The Debtor filed a Chapter 13 bankruptcy case on February 5, 2008.

2. The Debtor's Chapter 13 Plan dated March 24, 2008 was confirmed by this Court on April 2, 2008.

3. The confirmed Plan provided that the current mortgage payments to Ocwen Loan Servicing LLC would be paid through the Plan. It also indicated that the payments would be increased or decreased by the Trustee to reflect changes in the escrow requirements.

4. Debtor paid her Chapter 13 Plan payments diligently and on time for the duration of her Chapter 13 Plan.

5. During the pendency of her Chapter 13 Plan, the Trustee made all payments to the Lender that were requested and required (see the exhibit to Trustee's Reply to the response filed herein); and the Lender has received the payments that were consistent with any notices that were submitted to the Trustee from the Lender.

6. After the Trustee completed all of the payments, and the Plan was complete, the Trustee filed the Notice of Cure Payment on March 12, 2013.

7. Nothwithstanding that the Debtor paid all required payments to the Trustee pursuant to her Plan, and that the Trustee disbursed the appropriate amounts to keep the mortgage current throughout the duration of the Plan, on April 2, 2013, the Lender filed a "Response to Notice of Final Cure Payment" indicating that the Debtor is behind in her post-petition payments in the amount of $8,508.92.

8. Pursuant to the terms of the confirmed Chapter 13 Plan, the Lender is required to "file a statement of these obligations with the Court to accompany its Response."

To be sure, the Lender attached a spreadsheet to its Response, but the spreadsheet is unintelligible, and the alleged deficiencies range from merely unclear to outrageous.

9. An examination of the spreadsheet shows the outrageous allegation from the Lender that the Debtor owes payments for April 1st, May 1st, and June 1st, of 2013, even though these payments are after the Notice of Final Cure Payment from the Trustee dated March 12, 2013. It also appears to include a credit for a payment that was received by the Lender on March 29, 2013, also after this important date.

10. The undersigned counsel for the Debtor contacted the Lender's attorney to obtain clarification, but despite talking with the Lender's attorney, clarification was lacking. The only method of clarification that counsel for the Lender provided was that several columns of the spreadsheet should be ignored, and that we should only look at the column entitled "escrow" which concludes that there is a substantial escrow deficiency. Of course, it is difficult to ignore the other many important figures that appear on this spreadsheet, and it is also difficult to give credence to the one column in which we are supposed to put our faith, when glaring errors appear in other columns.

11. Finally, it is hard to imagine how such a large escrow deficiency would appear if the Lender were following its obligations pursuant to the Plan and ordinary business practices to provide indications of changes in mortgage payments in a timely fashion.

WHEREFORE, the Debtor prays for the following relief:

A. The Court issue an order declaring the Debtor's mortgage loan with Ocwen Loan Servicing, LLC, current and reinstated as of March 12, 2013.

B. For such other relief as this court deems appropriate.

Dated: April 22, 2013

Respectfully submitted,

Robert N. Honig

Robert N. Honig #6216254
Attorney for Debtor
116 S. York Street, Suite 215
Elmhurst, IL 60126
630-834-1800